**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-2219**

LINDA TRAIL,

        Plaintiff – Appellee,

     v.

DAVID S. CRESSELL, Investigator,

        Defendant – Appellant,

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Thomas T. Cullen, District Judge.  (7:19-cv-00191-TTC)

Submitted:  September 22, 2021          Decided:  October 26, 2021

Before MOTZ, THACKER, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jim H. Guynn, Jr., GUYNN WADDELL CARROLL & LOCKABY, P.C., Salem, Virginia, for Appellant.  Jonathan E. Halperin, Isaac A. McBeth, HALPERIN LAW CENTER, Glen Allen, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Linda Trail commenced this action against David S. Cressell, a Pulaski County Sheriff's deputy, alleging malicious prosecution under state law and pursuant to 42 U.S.C. § 1983. Asserting qualified immunity, Cressell moved for summary judgment. The district court denied the motion, and Cressell timely appealed. On appeal, Cressell argues that probable cause supported Trail's arrest and that he was entitled to qualified immunity. We affirm.

"Qualified immunity protects government officials from civil liability and suit insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Attkisson v. Holder*, 925 F.3d 606, 623 (4th Cir. 2019) (internal quotation marks omitted). "To overcome an official's claim of qualified immunity, the plaintiff must show: (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Id.* (internal quotation marks omitted). On appeal from the denial of summary judgment and qualified immunity, we review the district court's decision de novo. *Pegg v. Hernberger*, 845 F.3d 112, 117 (4th Cir. 2017).

As an initial matter, we emphasize that, at this stage, our review is limited to questions of law. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Thus, we cannot decide "question[s] of evidence sufficiency," *Johnson v. Jones*, 515 U.S. 304, 313 (1995) (internal quotation marks omitted), or "whether or not the pretrial record sets forth a genuine issue of fact for trial," *id.* at 319-20 (internal quotation marks omitted). We will simply "accept the facts as the district court articulated them" before "determin[ing] whether, based on

2

those facts, a reasonable person in the defendant's position could have believed that he or she was acting in conformity with the clearly established law at the time." *Pegg*, 845 F.3d at 117 (internal quotation marks omitted).

Trail alleged "a Fourth Amendment [unreasonable] seizure that incorporates elements of the analogous common law tort of malicious prosecution." *Massey v. Ojaniit*, 759 F.3d 343, 356 (4th Cir. 2014) (internal quotation marks omitted). To establish such a claim, a plaintiff must demonstrate that (1) the defendant seized the plaintiff "pursuant to legal process that was not supported by probable cause," and (2) the criminal proceedings terminated in the plaintiff's favor. *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012) (internal quotation marks omitted). Here, it is undisputed that Cressell's procurement of an arrest warrant led to Trail's arrest and that the prosecutor subsequently dropped the charge. Thus, we review whether probable cause supported Trail's arrest.

"Probable cause to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed an offense." *Humbert v. Mayor & City Council of Balt. City*, 866 F.3d 546, 555 (4th Cir. 2017) (alterations and internal quotation marks omitted). We evaluate probable cause under an objective standard, considering the totality of the circumstances known to the officer at the time of the seizure and without consideration of the subjective beliefs of the officer involved. *See Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017). An investigating "officer may not disregard readily available exculpatory evidence of which he is aware," but his "failure to pursue a potentially exculpatory lead is not sufficient to negate probable

3

cause." *Wadkins v. Arnold*, 214 F.3d 535, 541 (4th Cir. 2000). The "officer need not exhaust every potential avenue of investigation," but must "assemble individualized facts that link the suspect to the crime." *Munday*, 848 F.3d at 254 (alteration and internal quotation marks omitted).

"It has long since been settled by the Supreme Court that an indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause." *Durham*, 690 F.3d at 189 (internal quotation marks omitted). But "a grand jury's decision to indict will not shield a police officer who deliberately supplied misleading information [or failed to supply relevant information] that influenced the decision." *Massey*, 759 F.3d at 356-57 (internal quotation marks omitted). False statements or omissions violate the Fourth Amendment only if they are both "material, that is, necessary to the finding of probable cause," and "made deliberately or with a reckless disregard for the truth." *Id.* at 357 (internal quotation marks omitted). Reckless disregard can be demonstrated by showing that the officer "entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported," *Humbert*, 866 F.3d at 556 (internal quotation marks omitted), or "failed to inform the judicial officer of facts he knew would negate probable cause," *Miller v. Prince George's Cnty.*, 475 F.3d 621, 627 (4th Cir. 2007) (alteration and internal quotation marks omitted).

Viewing the evidence in the light most favorable to Trail, the district court determined that Cressell failed to inform the grand jury that the name the informant provided did not match the name listed in the indictment and that informant could not

4

identify Trail as the woman who had sold her drugs. The court therefore held that Cressell lacked probable cause for Trail's arrest and that he recklessly omitted material facts in his testimony to the grand jury. Accepting the facts as the district court articulated them, we conclude that the district court did not err in determining that Cressell lacked probable cause because, despite noting that the informant's failure to identify Trail gave him pause, Cressell proceeded to obtain an indictment without conducting any further investigation or informing the grand jury of material facts. We further conclude that, at the time of Trail's arrest, the law clearly prohibited Cressell from "mak[ing] intentionally or recklessly false material . . . omissions in order to obtain a warrant." *Miller*, 475 F.3d at 632-33.

Accordingly, we affirm the district court's denial of qualified immunity. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*